UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80292-CIV-ROSENBERG/REINHART

CODY EDWARD DAVIS,

                Petitioner,

vs.

RICKY DIXON, Secretary,
Florida Department of Corrections

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2254 [ECF No. 10]

Cody Edward Davis, a prisoner in the custody of the Florida Department of Corrections, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 10. Mr. Davis is serving a 30-year sentence after being convicted by a jury of one count of robbery in the Fifteenth Judicial Circuit of Florida, Case No. 2016-CF-1230. He challenges the constitutionality of his conviction and sentence.

Mr. Davis presents two claims for relief:

1. Florida's Violent Career Criminal Act ("VCC"), Florida Statute 775.084(1)(d), is unconstitutional as applied to him;

2. Trial counsel was constitutionally ineffective by failing to timely convey a plea offer.

I have reviewed the Amended Petition, the State's Response (ECF No. 12) along with its supporting appendix and state court transcripts (ECF Nos. 12–14), and

Petitioner's Reply (ECF No. 20). This matter is ripe for decision. It is RECOMMENDED that the Petition be DENIED.

PROCEDURAL HISTORY

Mr. Davis was charged by Information with one count of robbery, in violation of Florida Statutes §§ 812.13(1) and (2)(c). At his arraignment, the State gave his trial counsel a document captioned "State of Florida Plea Offer Sheet – Division 'U'":

```
STATE OF FLORIDA PLEA OFFER SHEET - DIVISION "U"

State of Florida vs. CODY EDWARD DAVIS      Case No.: 2016CF001230AMB

Assistant State Attorney  AUSTIN GRAHAM

BOTTOM OF GUIDELINES: __27.75 months__   MIN/MAN: _____

PLEA OFFERS:

I. Arraignment:

   PLEA TO:  __✓__ all counts as charged

             ____ other: _____

                  pending

II. Case Dispo:
   _____
   _____
   _____

III. Calendar Call:
   _____
   _____

[✓] Plea offers include standard fines and costs applied to all qualifying counts.
[ ] Plea offers include fines, court costs and costs of prosecution as set below:

ALL ITEMS SEIZED FROM DEFENDANT ARE SUBJECT TO FORFEITURE.
ALL PLEA OFFERS REMAIN OPEN ON OR BEFORE APPLICABLE COURT DATE ONLY UNLESS
EXTENDED BY ASA IN WRITING. ALL PLEA OFFERS ARE REVOKED AT CALENDAR CALL OR THE
FRIDAY BEFORE TRIAL DATE CERTAIN, WHICHEVER COMES FIRST. NOTWITHSTANDING, PLEA
OFFERS MAY BE REVOKED AT ANY TIME.

                                    _____
                                    AUSTIN GRAHAM
                                    Assistant State Attorney
```

Trial counsel did not present this information to Mr. Davis.

Prior to trial, the State filed a Notice that it was seeking an enhanced sentence under the VCC. The VCC applies if a person has three adult convictions for seven categories of felonies ("the qualifying felonies"). As relevant here, those qualifying felonies include escape, and any "felony violation of Chapter 790 involving the use or possession of a firearm." Florida Statute §775.084(1)(d). Mr. Davis has qualifying prior convictions for escape, possession of a firearm by a convicted felon, and carrying a concealed firearm.

After the jury trial, but before sentencing, Mr. Davis filed a "Motion to Declare Florida Statutes Section 775.084(1)(d) Unconstitutional for Overinclusiveness and/or Overbreadth & Sentencing Memorandum." ECF No. 13-1 at 27. At the sentencing hearing, both Mr. Davis and his trial counsel argued why applying the VCC would be unconstitutional. ECF No. 14-4 at 33–67. The entirety of the trial court's ruling was, "I am going to deny your motion for – to told [sic] statute unconstitutional. I think you've both made a good record for purposes of appeal." *Id.* at 67.

Mr. Davis took a timely appeal. ECF No. 13-1 at 54–86. As relevant here, he argued that the VCC violated the federal due process clause under a rational basis test. *Id.* at 80–84. The Fourth District Court of Appeal affirmed the conviction *per curiam*, without a written opinion. *Id.* at 125. Mr. Davis' motion for rehearing was denied. *Id.* at 127–31, 133.

On June 9, 2019, Mr. Davis filed a motion for postconviction relief under Florida Rule 3.850. *Id.* at 161–74. He filed an amended 3.850 Motion on August 20, 2019. ECF No. 13-2 at 2–37. As relevant here, the amended 3.850 Motion argued trial

3

counsel was constitutionally ineffective for not conveying the State's plea offer. *Id.* at 8–15. After an evidentiary hearing, the postconviction court denied the amended 3.850 Motion in a written order. ECF No. 13-6 at 288.

Mr. Davis timely appealed. ECF No. 13-7 at 1. The appeal raised the issue of whether counsel failed to convey the plea offer. *Id.* at 1–47. The Fourth District Court of Appeal affirmed the postconviction court, *per curiam* without opinion. *Id.* at 111. Mr. Davis moved for a written opinion. *Id.* at 113. That motion was denied. *Id.* at 120. The mandate issued on March 17, 2023. *Id.* at 122.

Mr. Davis timely filed this § 2254 Petition on February 25, 2023.[1] With leave of Court, he filed an Amended Petition on April 20, 2023.

## STANDARDS OF REVIEW

A. *Exhaustion*

A state prisoner seeking federal habeas relief must first exhaust available state remedies. The State concedes, and I agree, that Mr. Davis exhausted the available state remedies on both claims in his Amended § 2254 Petition. ECF No. 12 at 27–28.

B. *AEDPA deference for issues adjudicated on the merits by the state court*

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's

---

[1] The State concedes that the Petition was filed before the AEDPA statute of limitations expired. I agree and adopt the timing calculation in the State's Response. ECF No. 12 at 8–16, 25–27.

4

decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the state court. 28 U.S.C. §§ 2254(d)(1), (2); *see Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405–06. In the habeas context, clearly established federal law refers to Supreme Court decisions issued as of the time of the relevant state-court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). In adjudicating a petitioner's claim, however, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775–76 (11th Cir. 2003). So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. *Early*, 537 U.S. at 8. If there is no explanation for the state court's decision, this Court nevertheless must

5

accept it "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011).

Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner shows by clear and convincing evidence that those findings were objectively unreasonable. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011).

When the highest state court that decides a case provides no analysis (for example, a *per curiam* affirmance without opinion), the relevant state court decision for § 2254 purposes is presumptively the "last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

C. *Ineffective assistance of counsel*

A defendant asserting ineffective assistance of counsel must satisfy the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id*. at 690.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. *Id*. The judiciary's scrutiny of counsel's performance is highly deferential. *Id*. at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Id*. at 694. A reasonable probability is a probability sufficient to

undermine confidence in the outcome of the proceedings. *Id*. "[Appellate] [c]ounsel's performance will be deemed prejudicial if [the court] find[s] that 'the neglected claim would have a reasonable probability of success on appeal.'" *Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991).

Trial counsel has an obligation to communicate and explain plea offers to the defendant. *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). In order to show prejudice, however, a defendant must demonstrate a "reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (citations omitted).

Combining AEDPA deference and *Strickland*'s two-pronged test, a § 2254 petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

## DISCUSSION

A. *Constitutionality of VCC*

In his direct appeal, Mr. Davis argued the VCC violated the federal due process clause because it did not satisfy the rational basis test. He renews that argument here — "[The VCC] is unconstitutional as applied to Mr. Davis because the application of the statute, in light of the nature of Mr. Davis' qualifying offenses, violates Mr. Davis' substantive due process rights, and fails the rational basis test." ECF No. 10 at 17.

7

The State responds that this Court cannot review this issue under § 2254 because "this question concerns the interpretation and application of state law." ECF No. 12 at 36.[2] I disagree. Mr. Davis concedes that, as written, the VCC applies to him. He does not claim that the sentencing court misinterpreted or misapplied the VCC. Rather, he says that applying this state statute as written violates his federal constitutional rights.

The state court adjudicated Mr. Davis' constitutional claim on the merits. He does not challenge any factual findings by the state court. Nor does he point to a United States Supreme Court decision with materially indistinguishable facts. Therefore, as discussed above, to obtain § 2254 relief, he must show that the state court applied a rule that contradicts United States Supreme Court precedent.

A state statute complies with substantive due process if it is "rationally related to a lawful governmental purpose and is not unlawfully arbitrary or discriminatory." *United States v. Plummer*, 221 F.3d 1298, 1308–09 (11th Cir. 2000). The law must be upheld so long as "there is any reasonably conceivable state of facts that could provide a rational basis for [it]." *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313–15 (1993) *cited in Fresenius Med. Care Holdings, Inc. v. Tucker*, 704 F.3d 935, 945 (11th Cir. 2013). The statute "can only be invalidated if it is 'so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.'" *Georgia Elec. Life Safety & Sys. Ass'n, Inc. v.*

---

[2] The State also incorrectly frames Mr. Davis' argument as a vagueness challenge. ECF No. 12 at 37–38. It is clear that Mr. Davis makes only a substantive due process argument about the VCC.

*City of Sandy Springs, Georgia*, 965 F.3d 1270, 1275 (11th Cir. 2020) (citations omitted).

The State cites *Byrnes v. State*, 854 So.2d 289 (Fla. 4th DCA 2003). ECF No. 12 at 39. There, the defendant was sentenced under the VCC after being convicted of fleeing and eluding and aggravated assault on a law enforcement officer. His qualifying offenses included burglary of an unoccupied conveyance. He argued that his sentence violated substantive due process.

Applying the rational basis test, the Florida appellate court held that the VCC complied with substantive due process. It discussed the Legislature's stated purpose for the VCC:

> The Legislature finds a substantial and disproportionate number of serious crimes are committed in Florida by a relatively small number of repeat and violent felony offenders, commonly known as career criminals. . . . The Legislature intends . . . to incarcerate them for extended terms; and, in the case of violent career criminals, such extended terms must include substantial mandatory minimum terms of imprisonment.

*Id.* at 291 (quoting Florida Statute § 775.0841). It then held that treating simple burglary as a violent felony was "rationally related to the legislative purpose of treating those who have made a career out of committing the designated felonies more severely than others." *Id.* at 292. It declined to conclude that simple burglary could never be a violent crime. *Id.* Finally, it noted that the United States Supreme Court had recognized that simple burglary could be a violent felony. *Id.* ("As the Supreme Court's opinion demonstrates, it is not unreasonable or irrational to equate simple

9

burglary with a violent felony." (discussing *Taylor v. United States,* 495 U.S. 575, 588 (1990))).

Mr. Davis argues that it is unconstitutional to treat the carrying of a concealed firearm without a permit as a violent crime. ECF No. 10 at 17. He argues, "[t]here is nothing inherently violent about this conduct." *Id.* at 18.

That is not the correct question at this procedural stage. This Court conducts a limited review of the prior proceedings in state court. The proper question is whether "fairminded jurists could disagree on the correctness" of the state court's implicit conclusion that the Florida Legislature could have reasonably and rationally found that this crime could involve violence in some conceivable set of facts. It is not hard to hypothesize conceivable fact patterns where it could. For example, persons intending to commit violent crimes, like robberies or physical assaults, often possess firearms and conceal them so as not to alert potential victims. And, many categories of persons who commit these kinds of crimes — such as, convicted felons, persons with mental health disorders, habitual drug users, persons under domestic restraining orders — cannot obtain concealed weapons permits under Florida law. *See* Florida Statute § 790.06. It would therefore be reasonable and rational for the Florida Legislature to conclude that a person carrying a concealed firearm without a license presented a meaningful risk of violence.

Particularly in light of *Byrnes*, fairminded jurists could disagree about whether the Florida Legislature could have rationally treated carrying a concealed firearm

10

without a permit as a violent crime. For that reason, Mr. Davis' challenge to the constitutionality of the VCC as applied to him must be rejected.

Mr. Davis also argues that the VCC cannot constitutionally be applied to him because Florida amended its laws effective July 1, 2023, so his conduct of carrying a concealed firearm without a permit would not be a crime today. *Id.* at 19. Even assuming Mr. Davis could have possessed a concealed firearm under current law, this argument ignores that this Court must evaluate the state court proceedings based on the law in effect when the challenged ruling occurred. A subsequent change in the law is not relevant to whether § 2254 relief should be granted. Quite simply, the state court cannot have misapplied a law or Supreme Court decision that did not yet exist.

Finally, Mr. Davis seems to argue that his underlying conviction for carrying a concealed firearm violated the Second Amendment. *Id.* at 20. That argument was neither raised nor exhausted in the state court proceedings.

B. *Adequacy of Assistance of Counsel*

The trial court denied the amended 3.850 Motion in a written order. That Order accurately cites the *Strickland* standards. ECF No. 13-6 at 290–91. It then said:

> Here, the Court finds [trial counsel] to be very credible. The State never made a plea offer, and the Defendant told [trial counsel] that he did not want to accept any plea offer. A reasonable person would not have taken Defense Exhibit #1 to convey a plea offer. The form notifies the Defendant of the bottom of the guidelines score, and it contains a separate section for a plea offer. In this case, under the heading "plea offer", the State wrote "pending." Contrary to what the Defendant contends, the form did not convey a plea offer.

> Therefore, based on the testimony and exhibits, the Court finds Mr.

11

> Printz to have provided effective representation. The Defendant failed to prove that counsel performed deficiently.

*Id.* at 292. Having found that counsel's performance was not deficient, the trial court did not decide whether prejudice existed. *Id.*

Clearly established Supreme Court precedent requires defense counsel to convey and explain any formal plea offer. It was undisputed that counsel did not discuss the "Plea Offer Form" with Mr. Davis. The issue presented to the postconviction court was whether that document was a plea offer.

Mr. Davis says the postconviction court's finding that it was not a plea offer "was an objectively unreasonable determination of fact." ECF No. 10 at 23. He further says that the applicable legal standard for whether a plea offer was extended is "whether a reasonable person would have construed the form as a plea offer under the circumstances." *Id.* (citing *Jackson v. Inv. Corp. of Palm Beach*, 585 So. 2d 949, 950 (Fla. 4th DCA 1991)). The State does not contest that this is the proper legal standard. ECF No. 12 at 43. The postconviction court applied this standard.

Mr. Davis is not entitled to § 2254 relief on this claim because he has not shown that the postconviction court applied *Strickland* to the facts of his case in an objectively unreasonable manner. The court cited the correct legal standards. It heard evidence and made credibility findings. It gave weight to the uncontested fact that the "plea offer" section of the document contained the word "pending." Mr. Davis has not shown by clear and convincing evidence that the postconviction court's factual findings were objectively unreasonable. Nor has he shown that the postconviction

12

court's conclusion that trial counsel's performance was not deficient resulted from an objectively unreasonable application of *Strickland*.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

Based on this record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). For the reasons stated above, the Court finds that Petitioner's claims are without merit and he cannot satisfy the *Slack* test.

Having considered the petition, the record, and being fully advised, it is hereby **RECOMMENDED** that:

1. This Amended Petition [ECF No. 10] be **DENIED**.

2. No certificate of appealability shall issue.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 22th day of January, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE