UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-80292-ROSENBERG

CODY EDWARD DAVIS,

    Petitioner,

v.

RICKY DIXON,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

    This matter is before the Court upon Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, DE 10, which was referred to the Magistrate Judge for a Report and Recommendation, DE 3. On January 22, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied. DE 21. The Court has conducted a *de novo* review of the Report and Recommendation, the Petitioner's Objections, and the record and is otherwise fully advised in the premises.

    After he was convicted of one count of robbery, on September 12, 2016, Petitioner was sentenced under Florida's Violent Career Criminal statute ("the VCC") to a mandatory minimum sentence of 30 years. DE 10 at 2. The Petitioner seeks to reverse that sentencing for two reasons: (1) the VCC was unconstitutionally applied to Petitioner because it included the offense of carrying a concealed firearm without a permit as a predicate offense and (2) ineffective assistance of counsel because Petitioner's attorney failed to communicate a plea offer. DE 10 at 2, 15–16.

    Upon review, the Court finds the Magistrate Judge's recommendations to be well reasoned and correct. The Court adopts the Magistrate Judge's recommendations; as to Petitioner's argument premised on his counsel's failure to present a plea offer, the Court writes to address a new argument raised in Petitioner's objections.

As background, it is undisputed that Petitioner's trial attorney received a signed form from the prosecutor entitled "State of Florida Plea Offer Sheet – Division 'U'." At an evidentiary hearing in state court, Petitioner's prior counsel explained how, notwithstanding the reference to plea offer at the top of the form, in practice, the form is often also used as a starting point for plea discussions, and it is not always a plea offer itself. In his Objections to the Report and Recommendation, Petitioner argues that plea offer forms must be analyzed under Florida's law relating to contracts, and thus includes a requirement that when contracts are clear, no extrinsic evidence can be considered for the meaning of the contract. DE 24 at 7–9. Based on this legal proposition, Petitioner contends that his counsel's testimony at the evidentiary hearing should not be considered by this Court.

Plea agreements are governed by contract law. *Allen v. Thomas*, 161 F.3d 667, 671 (11th Cir. 1998). However, the dispute before the Court is whether a specific document constitutes a plea offer and not, as Petitioner suggests, the interpretation of a term in a plea agreement. In determining whether an offer has been made, Florida law requires a court to consider "'how a reasonable, objective person would have understood' the potential offeror's communication[.]" *Kolodziej v. Mason*, 774 F.3d 736, 741 (11th Cir. 2014) (quoting *Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116, 122 (S.D.N.Y.1999), aff'd 210 F.3d 88 (2d Cir. 2000) (per curiam)). In this instance, the Court is unpersuaded that a reasonable person would have understood the plea offer sheet was a plea offer. The "PLEA OFFERS" section did not include any number of months and only included the word "pending," and the reference on the sheet to 27.75 months identified only the bottom of the sentencing guidelines range. DE 10 at 24. Critical and material terms are missing from the offer. Given the paucity of information on the plea offer form, a reasonable person in counsel's position would not have clearly understood that the form constituted an offer. The Court

therefore looks to the testimony at the evidentiary hearing in which counsel testified that the form, in practice, was used to commence or continue the plea negotiations process and that the word "pending" on the form conveyed that the prosecutor would "get back to the defense attorney once they have come up with a concrete number, if they decide to come up with a concrete number for a plea offer." DE 14-5 at 32:1–42:5.  The Magistrate Judge found, and the Court adopts, that the postconviction court's factual findings were not objectively unreasonable.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation, DE 21, is hereby **ADOPTED**;

2. The Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, DE 10, is **DENIED**;

3. A certificate of appealability shall issue; and

4. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of April, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

3